IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NAN MA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 4:20-cr-00107-RJS<br><br>Chief District Judge Robert J. Shelby |

After pleading guilty to one count of failing to file a Currency and Monetary Instrument Report in violation of 31 U.S.C. § 5324(c)(1), Defendant Nan Ma was sentenced to a prison term of thirty-three months, with credit for time served, followed by thirty-six months of supervised release.[1] Now before the court is Ma's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1).[2] For the reasons discussed below, the court concludes Ma fails to show extraordinary and compelling reasons warranting compassionate release. Accordingly, his Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Ma is a U.S. permanent resident who defrauded his former employer, Soundvision Technologies (SVT), out of over $2 million by, among other things, soliciting kickbacks from SVT's overseas suppliers and directing rebate payments to personal accounts controlled by his

---

[1] *See* Dkt. 85, *Amended Judgment in a Criminal Case*.

[2] Dkt. 88, *Pro Se Motion for Compassionate Release*; *see also* Dkt. 91, *Supplemental Motion in Support of Defendant's Request for a Sentencing Reduction*.

then-wife.[3] His years-long scheme ended on September 3, 2020, when he was arrested on a federal warrant and charged with three counts of wire fraud and six counts of money laundering.[4] Ma eventually pled guilty to one count of failing to file a Currency and Other Monetary Instruments Report in violation of 31 U.S.C. § 5324(c)(1) and agreed to forfeit his assets to pay restitution to SVT and compensate the United States for outstanding federal tax obligations.[5] Additionally, Ma agreed the court could consider the facts and circumstances of his overarching crimes as part of his sentencing—not only those related to his violation of § 5324(c)(1).[6]

At a hearing on May 10, 2022, the undersigned sentenced Ma to thirty-three months of federal custody, with credit for time served, which fell below the guideline range of forty-six to fifty-seven months.[7] Ma was also given a two-month window to surrender to the Bureau of Prisons (BOP) and start serving his prison sentence.[8] Yet, three months after surrendering, Ma sought a compassionate release from the prison warden on the grounds that his new partner was pregnant with twins, suffering from health complications, and could not speak English.[9] When several months passed without a response,[10] Ma filed the instant Motion, explaining that his

---

[3] *See* Dkt. 1, *Indictment* ¶¶ 1–3; Dkt. 80, *Presentence Investigation Report* ¶¶ 1–27; *see also* Dkt. 70, *Plea Agreement* at 3 (reflecting Ma's acknowledgement that "the Presentence Report may include descriptions of conduct [he] engaged in which [] was not charged against [him]" and that "all facts and circumstances giving rise to the Indictment . . . will be considered by the [c]ourt" as part of his sentencing).

[4] Dkt. 1 ¶¶ 11–21; Dkt. 6, *Arrest Warrant Returned Executed on September 3, 2020*.

[5] *See generally* Dkt. 70; Dkt. 80 at 4.

[6] Dkt. 70 at 3.

[7] *See* Dkt. 81, *Minute Entry for Proceedings Held on May 10, 2022*; Dkt. 80 ¶ 82.

[8] Dkt. 85 at 2.

[9] *See* Dkt. 93, *First Step Act Eligibility Report* ¶ 8.

[10] *Id.*

partner had prematurely given birth to the twins on November 20, 2022, and now faced a precarious personal and financial situation, which was exacerbated by Ma's absence.[11]

The United States promptly opposed the Motion, contending Ma's difficult family circumstances "do not present 'extraordinary or compelling' reasons that would justify allowing Ma to leave prison after serving only [ten] months of a [thirty-three] month sentence."[12] Further, the court received a victim statement from a principal of SVT expressing his "sincere[] hope [Ma's] request is denied" given the pervasiveness and gravity of Ma's misconduct.[13] Then, on August 9, 2023, Ma filed a Supplemental Notice with the court noting he had been approved for a home confinement placement that will begin on January 16, 2024.[14] Although there are only five months until then, Ma still urges the court to grant his Motion given his family's ongoing needs and challenges.[15] Having fully reviewed the parties' briefing and concluding that a hearing is not necessary,[16] the court now rules on the Motion.

## LEGAL STANDARDS

Though "[f]ederal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, [] that rule of finality is subject to a few narrow

---

[11] Dkt. 88 at 2; *see also* Dkt. 91.

[12] Dkt. 92, *United States' Opposition to Ma's Motion for Compassionate Release* at 3.

[13] Dkt. 95, *Supplement to Presentence Investigation Report: Victim Statement.*

[14] Dkt. 97 at 2.

[15] *Id.*

[16] *See* Fed. R. Crim. P. 43(b)(4); *see also United States v. Billings*, No. 19-cr-00099-REB, 2020 U.S. Dist. LEXIS 145819, at *3 n.2 (D. Colo. Aug. 13, 2020) ("[A] hearing is not necessary to resolve a motion for relief under the First Step Act." (collecting cases)).

exceptions."[17] "One such exception is contained in [18 U.S.C.] § 3582(c)(1),"[18] as modified by the First Step Act,[19] which allows "a sentencing court to reduce a federal prisoner's sentence for 'extraordinary and compelling reasons.'"[20] As a threshold matter, § 3582(c)(1) requires the defendant to exhaust administrative remedies with the BOP before directly filing a motion for compassionate release with the district court.[21] Assuming these administrative remedies have been exhausted, the Tenth Circuit has stated that a district court may grant relief under § 3582(c)(1) only after three additional requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the [applicable] factors set forth in § 3553(a)."[22]

Notably, the statute does not define "extraordinary and compelling reasons."[23] Instead, the Tenth Circuit explains that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons.'"[24] In theory, "this authority is [] circumscribed by the second part of the statutory test[—]the requirement that a district court find

---

[17] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[18] *Id.*

[19] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[20] *United States v. Wesley*, 60 F.4th 1277, 1279 (10th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

[21] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) ("In this circuit, . . . § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable." (citing *United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021))).

[22] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[23] *See generally* 18 U.S.C. § 3582; *see also Miranda v. United States*, No. 2:17-cr-00159-DBB, 2023 U.S. Dist. LEXIS 114473, at *2 (D. Utah June 30, 2023) (reaching the same conclusion).

[24] *McGee*, 992 F.3d at 1045; *see also United States v. Ford*, No. 23-3038, 2023 U.S. App. LEXIS 13968, at *2 (10th Cir. June 6, 2023) ("The district court exercises broad discretion in determining what constitutes extraordinary and compelling reasons for compassionate release.").

that a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[25] However, "the Commission has not issued a statement on sentencing reductions since enactment of the First Step Act,"[26] and the Commission's existing policy statement is "applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[27] "As such, the court need only consider the first and third requirements."[28] Moreover, "district courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others."[29]

## ANALYSIS

As prefaced above, Ma explains that his partner, Anny Zheng,[30] recently gave birth to twins under very trying circumstances.[31] The twins were born prematurely, leaving her with additional care responsibilities even as she recovered from a difficult delivery without the help of a partner.[32] As the primary caregiver to the twins and two older children from a previous relationship, Ma reports, "Zhang cannot work and survives on limited savings"[33] earned from

---

[25] *McGee*, 992 F.3d at 1045.

[26] *Miranda*, 2023 U.S. Dist. LEXIS 114473, at *2 (citing *Maumau*, 993 F.3d at 834–36); *United States v. Mata-Soto*, No. 08-20160-01-KHV, 2023 U.S. Dist. LEXIS 79342, at *4-5 (D. Kan. May 5, 2023).

[27] *McGee*, 992 F.3d at 1050 (referring to U.S.S.G. § 1B1.13); *accord Maumau*, 993 F.3d at 836–37.

[28] *Miranda*, 2023 U.S. Dist. LEXIS 114473, at *3 (citing *Ford*, 2023 U.S. App. LEXIS 13968, at *3); *see also Mata-Soto*, 2023 U.S. Dist. LEXIS 79342, at *5 ("Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.").

[29] *McGee*, 992 F.3d at 1043 (adopting the Sixth Circuit's approach in *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

[30] Ma's briefing contains two different spellings for the surname of Ma's partner. *Compare* Dkt. 88 ("Zheng"), *with* Dkt. 91 ("Zhang") *and* Dkt. 96, *Ma's Reply in Support of His Motion for Compassionate Release* ("Zheng"). Because "Zheng" appears more frequently, the court adopts this spelling except when quoting directly from the parties' briefing.

[31] *See* Dkt. 88 at 2; Dkt. 96 at 2–3.

[32] Dkt. 96 at 2–3.

[33] Dkt. 91 at 1.

5

selling a business two years ago—savings that are now "quickly diminishing."[34] He states that Zheng does not speak English, "so she must arrange for someone . . . to help translate when possible."[35] According to Ma, "they have already called on the only family member available"—his mother, who eventually had to return to China.[36] Ma also notes that the twins have experienced some medical issues since returning from the hospital, ranging from allergies to a potential orthopedic issue.[37] These challenging circumstances have left Zheng feeling "hopeless and alone" and unsure of "how much longer she can continue" without Ma's assistance.[38] Ma contends these difficult family circumstances constitute "extraordinary and compelling reasons" warranting compassionate release.[39]

The United States disagrees. It counters that "Ma's girlfriend appears to be a capable and resourceful adult," who was presumably able to obtain financial resources and navigate the language barrier before she met Ma.[40] Moreover, the United States points out that "while it may be more convenient for Ma to be out of prison to help with the newborns, he has not established that he is the only person available to help."[41] It argues that "[u]nder these circumstances, there is no extraordinary and compelling reason for a compassionate release."[42]

---

[34] Dkt. 96 at 2–3.

[35] *Id.*

[36] *Id.* at 3.

[37] *Id.* at 2–3.

[38] *Id.*

[39] *Id.* at 3; *see also* Dkt. 88 at 2.

[40] Dkt. 92 at 4.

[41] *Id.* (collecting cases from the Second Circuit suggesting district courts routinely deny requests for compassionate release on family grounds when the defendant does not show they are the only available caregiver).

[42] *Id.*

While the court empathizes with Ma's circumstances, it agrees with the United States that they are not extraordinary and compelling reasons warranting compassionate release under established law. "Unfortunately, 'the care of minor children is a problem faced by many convicted defendants.'"[43] "[S]uch a problem, without more, is an ordinary, not extraordinary, circumstance" resulting from criminal conduct.[44] Indeed, the court even acknowledged some of these family consequences at Ma's sentencing hearing when it discussed the fallout from Ma's misconduct.[45] Understanding that "familial hardship often results from criminal conduct,"[46] district courts have been reluctant to grant compassionate release on family grounds unless the prisoner is the sole available caregiver for his or her minor child or incapacitated spouse.[47] While not dispositive, this is consistent with the Sentencing Commission's latest guidance,[48]

---

[43] *United States v. Vela-Salinas*, No. 3:11-cr-00083-19, 2022 U.S. Dist. LEXIS 22266, at *13–14 (M.D. Tenn. Feb. 8, 2022) (quoting *United States v. Kibby*, No. 2:19-cr-179, 2021 U.S. Dist. LEXIS 95820, at *8 (S.D. Ohio May 20, 2021)).

[44] *Id.*; *see also United States v. Reed*, No. 2:15-cr-752 TS, 2022 U.S. Dist. LEXIS 51501, at *5 (D. Utah Mar. 22, 2022) (acknowledging defendant's family circumstances were "undoubtedly difficult" but not extraordinary and compelling reasons because "familial hardship often results from criminal conduct").

[45] *See* Dkt. 81.

[46] *Reed*, 2022 U.S. Dist. LEXIS 51501, at *5.

[47] *See United States v. Brown*, No. ELH-12-00458, 2023 U.S. Dist. LEXIS 22160, at *45 n.12 (D. Md. Feb. 8, 2023) ("[I]n the absence of evidence that a prisoner is the sole available caregiver for his or her minor child or incapacitated spouse, district courts typically find that the inmate's family circumstances do not amount to an extraordinary and compelling reason within the meaning of 18 U.S.C. § 3582(c)(1)(A)." (collecting cases)).

[48] *See* U.S.S.G. § 1B1.13, cmt. n. 1(C) (stating that "extraordinary and compelling circumstances" exist in the event of "the death or incapacitation of the caregiver of the defendant's minor child or minor children," and "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner").

which has been referenced by some courts considering what constitutes an extraordinary and compelling reason under the current statutory framework.[49]

But Ma's Motion does not assert—much less present evidence—that he is the sole available caregiver for the twins, nor does he suggest his partner is incapacitated.[50] Zheng's situation may be unenviable, even heartbreaking, but it is hardly extraordinary and compelling within the larger context of the federal criminal justice system. On the contrary, the briefing suggests Zheng has substantial financial resources when compared to many criminal defendants' families, as well as the wherewithal to run and sell a successful business despite the apparent language barrier.[51] And the twins' medical challenges do not rise to the level of severity that might otherwise warrant extraordinary relief.[52] Nearly a full year has passed since Zheng gave birth, and she has, by all accounts, provided ample care for the twins, with some support from her two older children and Ma's mother.[53] In any event, there are countless parents like Zheng who have been left to raise young children alone due to the consequences of a partner's criminal conduct—along with challenges posed by language barriers, health conditions, and extreme

---

[49] *See Reed*, 2022 U.S. Dist. LEXIS 51501, at *3–4 ("The Tenth Circuit recognizes that it is within the district court's discretion to conclude that the existing [] policy statement still provides the best description of whether the circumstances warrant relief." (citing *United States v. Carr*, 851 F.App'x 848, 853 (10th Cir. 2021)); *see also United States v. Guerrero*, No. 22-3053, 2022 U.S. App. LEXIS 30515, at *7 (10th Cir. Nov. 3, 2022) (noting that "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance" on whether a family circumstance is extraordinary and compelling for the purpose of 18 U.S.C. § 3582(c)(1)(A)(i) (quoting *United States v. Hald*, 8 F.4th 932, 938 n.4 (10th Cir. 2021))).

[50] *See generally* Dkt. 88.

[51] *See* Dkt. 96 at 2–4 (stating that Zheng "sold a business in late 2021 for a profit of about $90 thousand . . . [and] currently has about $40 thousand left in savings").

[52] *Cf. United States v. Torres*, No. 3:18-282-MGL-2, 2023 U.S. Dist. LEXIS 67601, at *9 (D.S.C. Apr. 17, 2023) (denying compassionate release for a mother "to take care of her children," including one suffering from a medical condition that rendered her partially nonverbal, because, "[a]lthough the [c]ourt sympathize[d] with the difficulty a parent's prison sentence places on a family, [these] circumstances are far from unique").

[53] *Id.* at 2–3.

financial and emotional distress.[54] The court sympathizes with these difficulties, but they do not provide extraordinary and compelling reasons to release Ma from custody two years ahead of schedule.

In sum, the court concludes Ma has not carried his burden of demonstrating extraordinary and compelling reasons for compassionate release. Though he has painted a vivid and heart-wrenching picture of his family's struggles since his incarceration, these challenges are not unusual within the context of the criminal justice system. Because Ma does not satisfy the first requirement for compassionate release under the three-part test for relief under § 3582(c)(1), the court does not address the other factors.[55]

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED.

SO ORDERED this 25th day of August, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[54] *See, e.g.*, *Reed*, 2022 U.S. Dist. LEXIS 51501, at *5; *Torres*, 2023 U.S. Dist. LEXIS 67601, at *9.

[55] *See Hald*, 8 F.4th 942–43 ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied."); *see also United States v. Abdush-Shakur*, No. 04-20132-JWL, 2023 U.S. Dist. LEXIS 84917, at *2 (D. Kan. May 16, 2023) (declining to address the other prerequisites for compassionate release under 18 U.S.C. § 3582(c)(1)(A) when the defendant failed to provide extraordinary and compelling reasons warranting such relief); *United States v. Medina*, No. 2:15-cr-00352-TC, 2021 U.S. Dist. LEXIS 95216, at *4 (D. Utah May 18, 2021) (same).